NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHARLES FORREST RICHARDS, *Appellant.*

No. 1 CA-CR 14-0210

FILED 12-23-2014

Appeal from the Superior Court in Mohave County
No. S8015CR2012-00940
The Honorable Derek Carlisle, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Barbara Cook-Hamp, Jill L. Evans
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Patricia K. Norris and Judge John C. Gemmill joined.

**W I N T H R O P**, Judge:

¶1        Charles Forrest Richards ("Appellant") appeals his convictions and sentences for two counts of aggravated driving while under the influence of intoxicating liquor ("DUI").  Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that she has searched the record on appeal and found no error or arguable question of law.  Appellant's counsel therefore requests that we review the record for fundamental, reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999).  Although this court allowed Appellant to file a supplemental brief *in propria persona*, he has not done so.

¶2        We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (West 2014),[1] 13-4031, and 13-4033(A).  Finding no reversible error, we affirm.

## I.        FACTS AND PROCEDURAL HISTORY[2]

¶3        On July 26, 2012, a grand jury issued an indictment, charging Appellant with two counts of aggravated DUI, each a class four felony.  As to Count I, the State alleged that, on or about July 19, 2012, Appellant drove a motor vehicle while under the influence of intoxicating liquor and while his driver's license was suspended or revoked, in violation of A.R.S. §§ 28-1381 and 28-1383(A)(1).  As to Count II, the State alleged that Appellant drove with a blood alcohol concentration ("BAC") of .20 or more while his driver's license was suspended or revoked, in violation of A.R.S. §§ 28-1382(A)(2) and 28-1383(A)(1).

¶4        Appellant's first trial ended in a hung jury and mistrial.  At Appellant's second trial, the State presented the following evidence:  On July 19, 2012, at approximately 12:53 a.m., Officer Jenkins, who at that time worked for the Kingman Police Department, responded to a call of a vehicle

---

[1]        We cite the current version of the applicable statutes because no revisions material to this decision have occurred since the date of the offenses.

[2]        We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant.  *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

crashing into a motel in Kingman, Arizona. As the officer arrived, a male, later identified as Appellant, exited the driver's side of the vehicle. Appellant was wearing blue jeans and socks, but no shirt or shoes, and it appeared he had urinated on himself. Appellant had a strong odor of alcohol on his person, and he was swaying from side to side. When asked where he lived, Appellant provided Officer Jenkins with the wrong address, and when the officer asked Appellant for his driver's license, Appellant initially provided the officer with a debit card. Appellant eventually provided the officer with a driver's license that had been issued on June 22, 2012.

**¶5** Officer Zerr of the Kingman Police Department arrived and asked Appellant what had happened. Appellant advised the officer he was "not sure," but remembered driving his truck on the way home when he hit the building. Although Appellant denied drinking, he was unable to complete and/or performed poorly on field sobriety tests, struggling to maintain his balance throughout the tests.

**¶6** Appellant was arrested and transported to the police station, where he was advised of his rights pursuant to *Miranda*[3] and provided an admin per se/implied consent affidavit. Appellant agreed to take a breath test, and he registered separate results equivalent to a BAC of .237 and .235 six minutes apart after a fifteen minute deprivation period. Appellant was charged with felony aggravated DUI because his driver's license had been suspended due to a prior DUI in the month before his arrest, although Appellant claimed he believed his license was valid and his prior DUI case had been dismissed.

**¶7** Deputy Apfel of the Mohave County Sheriff's Office testified at trial that, before the July 19 incident, he had arrested Appellant for a DUI, and that previous arrest had resulted in the suspension of Appellant's driver's license. On the night of June 19-20, 2012, Appellant was provided an admin per se/implied consent affidavit, and he agreed to submit to a breath test.[4] Appellant registered separate results equivalent to a BAC of

---

[3]     *See Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

[4]     Deputy Apfel explained that admin per se is the statutorily-imposed agreement a person makes with the State when obtaining a driver's license that the person will complete tests required by law to determine if there is alcohol in the person's system while driving, and if the person refuses, the person's license will be suspended for twelve months. If the person agrees

.138 and .129 on the breath test that night. Consequently, as explained on the admin per se/implied consent affidavit, Appellant's driver's license was to be suspended for a period of ninety days, with the period to begin fifteen days after June 19, 2012.

¶8 Deputy Apfel confiscated Appellant's driver's license, explained the admin per se/implied consent affidavit would be Appellant's license for the next fifteen days (until the suspension went into effect), and advised Appellant to obtain an identification card from the Motor Vehicle Department ("MVD"). The deputy also explained the difference between a civil suspension by the MVD and criminal proceedings in a court, and provided Appellant with a copy of the admin per se/implied consent affidavit, which Appellant signed. Two days later, on June 22, 2012, Appellant went to the MVD and obtained a new driver's license.

¶9 Deputy Apfel testified he turned the admin per se/implied consent affidavit in to his office, which would have typically mailed the form to the MVD. Because of the time involved in mailing the form, it would have been unlikely for the MVD to know by June 22 of an arrest made on June 20.[5]

¶10 Appellant chose not to testify at trial, but argued in closing that he didn't know or should not have known his license was suspended because (1) he was impaired when the officer gave him his admin per se/implied consent affidavit, and (2) the MVD had given him a new license two days after his arrest. The jury found Appellant guilty of both counts as charged. On the day of sentencing, the trial court found Appellant had at least three historical prior felony aggravated DUI convictions from Maricopa County, committed in 1991, 1996, and 1999. The court sentenced Appellant to concurrent, presumptive terms of ten years' imprisonment in the Arizona Department of Corrections for each count, and credited

_____

to the test and the result is above .08, the person's driver's license will be suspended for ninety consecutive days, beginning fifteen days after the date of service.

[5]     A printout of Appellant's driving record was admitted as Exhibit 7. Exhibit 7 indicates Appellant was served with an admin per se/implied consent affidavit on June 19, 2012; he registered a BAC of .08 or more on June 20, 2012; and his license was suspended as of July 5, 2012. Consequently, Appellant's suspension was in effect when he was arrested on July 19, 2012.

Appellant for thirty-nine days of presentence incarceration. Appellant filed a timely notice of appeal.

## II.    ANALYSIS

**¶11**        We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96. The evidence presented at trial was substantial and supports the verdicts, and the sentences were within the statutory limits. Appellant was represented by counsel at all stages of the proceedings and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶12**        After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## III.    CONCLUSION

**¶13**        Appellant's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama